I respectfully dissent from the majoritys decision to reverse Deputy Commissioner Fords Decision and Order. Deputy Commissioner Ford found that Lt. Summers acted intentionally and following policy when he ordered that the plaintiff be sprayed with pepper spray to subdue him. This was an intentional act, and therefore was not negligent. At the time of the alleged incident, plaintiff was in a segregated cell after an altercation with a prison guard. Plaintiff repeatedly kicked on the door of the cell and shouted profanities. Lt. Summers ordered plaintiff to stop because his behavior was disturbing the other prisoners in the cell block. When plaintiff continued his behavior, Lt. Summers ordered an officer to spray plaintiff with pepper spray to subdue him.
Plaintiff failed to show that Lt. Summers acted in a negligent manner. The order to spray plaintiff was intentional and is therefore not covered under the North Carolina Workers Compensation Act. N.C. Gen. Stat. 14-291et seq. Additionally, the action taken by Lt. Summers was standard procedure and does not violate any duty owed to plaintiff. Plaintiffs evidence failed to show that defendants employee breached a duty care owed to plaintiff or that any alleged breach of duty was the proximate cause of any injury to plaintiff. Robinson v. State of N.C., 351 N.C. 38, ___ S.E.2d ___ (1999). Accordingly, plaintiff is not entitled to any damages in this matter.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
LKM/mhb